IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRYSON BARNETT,<br><br>    Plaintiff,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>Case No. 1:24-cv-00086<br><br>Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss Plaintiff's Second Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing.[1] The Court will deny the Motion as it is not appropriate for the Court to consider the fairly debatable defense at this juncture.

I. BACKGROUND

This matter arises from a motor vehicle accident in which Plaintiff was injured by an underinsured motorist. Plaintiff alleges that as a result of the accident, he suffered and will continue to suffer "economic and non-economic damages, including . . . physical injury and pain, physical disfigurement, past and future medical expenses, past and future need for household services, past and future lost wages, past and future travel expenses, diminished earning capacity,

---
[1] Docket No. 3.

emotional pain, and anguish, etc."[2] Plaintiff recovered the other driver's $50,000.00 liability insurance limit.[3] Plaintiff alleges that the damages and losses he sustained in the crash exceed this coverage.[4] At the time of the accident, Plaintiff was insured by State Farm with underinsured motorist coverage.[5]

Plaintiff submitted an underinsured motorist demand to Defendant requesting that it tender the $50,000.00 policy limits.[6] The demand also included documentation including an economic loss summary showing past medical bills amounting to $18,450.22. Defendant later notified Plaintiff it was valuing his claims at $0.00. Subsequently, Defendant had Plaintiff examined by a doctor and obtained Plaintiff's deposition.

In April 2024, Plaintiff filed suit in the Second District Court, Weber County, State of Utah. Thereafter, Defendant removed the matter to federal court asserting that removal is proper under diversity jurisdiction.[7] Plaintiff asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Defendant, arising from the alleged failure to tender Plaintiff's policy limits.

Defendant filed its Motion to Dismiss on May 23, 2024, asserting that the Complaint fails to state a claim for breach of the implied covenant of good faith and fair dealing. Plaintiff did not file a response, and the time for doing so has now lapsed.[8]

---

[2] Docket No. 2-1, ¶ 14.

[3] *Id.* ¶ 15.

[4] *Id.* ¶ 16.

[5] *Id.* ¶ 17.

[6] *Id.* ¶¶ 19–21.

[7] Docket No. 2 ¶ 6.

[8] DuCivR 7-1(a)(4)(A)(iii) ("A response to a motion must be filed within 28 days after service of the motion).

## II. LEGAL STANDARD

When evaluating a complaint under Rule 12(b)(6), the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[9] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[10] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[11] However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13]

## III. DISCUSSION

Defendant argues that the Complaint does not state a plausible claim for breach of the implied covenant of good faith and fair dealing because it fails to include an explanation as to how "this [underinsured motorist] claim value dispute is anything other than another common, run-of-the-mill value dispute."[14]

Defendant's argument is poorly articulated but appears to be that (1) the difference in valuation of non-economic damages cannot support a claim for breach of the implied covenant of good faith under the fairly debatable defense, and (2) the difference in valuation has been

---

[9] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

[12] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[13] *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[14] Docket No. 3, at 5.

contemplated under Utah statute, which provides a procedure under which the parties can resolve such a dispute. The Court will address these arguments, but first will address what is required to demonstrate breach of the implied covenant of good faith and fair dealing.

As parties to a contract, both the insured and insurer have obligations to perform the contract in good faith.[15] "[T]he implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim."[16]

Defendant does not address the requirements under the implied covenant of good faith and fair dealing in relation to Plaintiff's Complaint. The Complaint alleges that Defendant failed to "fairly evaluate, and promptly settle, Plaintiff's [uninsured motorist] claim."[17] It alleges the following to support this assertion: Defendant's valuation of Plaintiff's claims at $0.00; Defendant's failure to pay out on the claim after Defendant obtained Plaintiff's deposition; and that the doctor who performed Plaintiff's examination, which was ordered by Defendant, concluded that Plaintiff still had residual pain from the crash. The Courts finds that while sparse, the Complaint pleads enough facts to state a claim for relief on its face.

The Court next turns to the fairly debatable defense. "[A]n insurer cannot be held to have breached the covenant of good faith on the ground that it wrongfully denied coverage if the

---

[15] *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985).

[16] *Id.*; *see also Baker v. Progressive Ins. Co.*, No. 2:12-cv-00307-JCB, 2023 WL 3044954, at *5 (D. Utah Apr. 21, 2023) ("[T]he duty of good faith requires the insurer to: (1) diligently investigate the facts to determine whether the claim is valid; (2) fairly evaluate the claim; and (3) act promptly and reasonably in rejecting or settling the claim.") (internal quotation marks and citation omitted).

[17] Docket No. 2-1, ¶ 41.

insured's claim, although later found to be proper, was fairly debatable at the time it was denied."[18]

"An insured's claim is fairly debatable as a matter of law when the evidence creates a legitimate factual issue as to the validity of an insured's claim for benefits."[19] However, "[a]t the motion to dismiss stage . . . it is not for the Court to decide whether [the defendant's] conduct was reasonable as a matter of law or constituted bad faith."[20] Instead, the Court must determine whether the facts alleged in the Complaint are sufficient to plausibly state a claim for bad faith.[21] As such, at this juncture, it is not appropriate for the Court to determine whether the fairly debatable defense applies.

Defendant also states that the legislature has addressed this issue in statute. Defendant cites to Utah Code Ann. § 31A-22-305.3(8)(a), which provides that the insured may elect to have an underinsured motorist claim resolved either by "(i) submitting the claim to binding arbitration; or (ii) through litigation." Subsection 9(a) further provides that within thirty days of electing arbitration or litigation, the insured must provide information regarding the claim to insurer.[22] It is unclear what Defendant is arguing here but it does not allege a basis under which

---

[18] *Jones v. Farmers Ins. Exch.*, 2012 UT 52, ¶ 7, 286 P.3d 301 (internal quotation marks and citation omitted); *see also Lund v. Truck Ins. Exch.*, 2021 UT App 64, ¶ 26, 494 P.3d 1045 ("[I]f a claim brought by an insured against an insurer is fairly debatable, failure to comply with the insured's demands cannot form the basis of bad faith.") (internal quotation marks and citation omitted).

[19] *Lund*, 2021 UT App 64, at ¶ 27 (internal quotation marks and citation omitted).

[20] *Jenkins v. USAA Cas. Ins. Co.*, No. 22-cv-01392-MDB, 2023 WL 2648009, at *4 (D. Colo. Mar. 27, 2023) (quoting *Hometown Cmty. Ass'n, Inc. v. Phila. Indem. Ins. Co.*, No. 17-CV-00777-RBJ, 2017 WL 6335656, at *8 (D. Colo. Dec. 12, 2017)) (alteration in original).

[21] *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[22] Utah Code Ann. § 31A-22-305.3(9)(a).

5

the Court could dismiss the claim under the statute provided. Accordingly, based on the foregoing, the Court will deny Defendant's Motion to Dismiss.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing (Docket No. 3) is DENIED.

DATED July 23, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge